**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| TACURI LOJA, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | 3:26-cv-01402 |
| v. | ) | |
| | ) | |
| RIFE et al., | ) | |
| | ) | |
| Respondents. | ) | |
| | ) | |

**MEMORANDUM ORDER DENYING WITHOUT PREJUDICE PETITION FOR WRIT
OF HABEAS CORPUS AND CLOSING CASE ON THE DOCKET WITHOUT
PREJUDICE AND RETAINING JURISDICTION**

Pending before the Court is Petitioner's Petition for Writ of Habeas Corpus. (ECF No. 1).

Petitioner, a citizen of Ecuador is currently detained at Moshannon Valley Processing Center. He

entered the United States without inspection in or around 2020, and has remained in the United

States since that time. Petitioner was arrested and detained on or around June 5, 2026. The

Immigration and Customs Enforcement ("ICE") agents and the local Police Officer who detained

Petitioner that day determined that he was unlawfully present in the United States. Petitioner

argues that Respondents rely on 8 U.S.C. § 1225(b)(2)(A) to support that detention, that this is

erroneous, and that this error justifies his immediate release.

Petitioner asserts that he is subject to discretionary detention pursuant to 8 U.S.C. § 1226(a)

and not mandatory detention under § 1225(b)(2) and, therefore he is entitled to a bond hearing.

However Petitioner goes one step further. He argues that the failure to provide him a bond hearing

pursuant to § 1226(a) violates his Due Process rights and as such, he is entitled to immediate

release.

Respondents argue that it does not matter if Petitioner was detained under § 1225 or § 1226, he is not entitled to release, bonded or otherwise. According to them, Petitioner was granted relief in the form of "post-conclusion voluntary departure under safeguards" by an Immigration Judge on July 17, 2026. Respondents assert that the "safeguards" imposed by the Immigration Judge in petitioner's case was his continued detention until his voluntary departure. Respondents claim that such safeguards are not reviewable by this Court.

Petitioner for his part acknowledges that he has been granted post-conclusion voluntary departure relief but adds that he has appealed the entry of this relief. On Petitioner's account, this appeal effectively waives his consent to voluntary departure in order to seek further review from the Board of Immigration Appeals ("BIA"). Petitioner argues that the appeal undermines the argument that his Court lacks jurisdiction, and once again reasserts his argument that he has been erroneously detained under § 1225, but now requests a bond hearing if the Court declines to immediately release him.

This Court lacks jurisdiction to review "any judgment regarding the granting of relief under" certain sections of the Immigration and Nationality Act ("INA"). 8 U.S.C. § 1252(a)(2)(B)(i). The purpose of this provision is to funnel such review through the appropriate administrative channels, wherein it can eventually reach the judiciary via "a petition for review filed with an appropriate court of appeals." 8 U.S.C. § 1252(a)(2)(D). One such type of relief the Court cannot review is the discretionary entry or denial of voluntary departure. 8 U.S.C. § 1229c. If a habeas petition is filed in this Court seeking "review [of] the IJ's discretionary decision o grant voluntary departure, the conditions attached to that grant, or the length of the voluntary departure period" this Court lacks the jurisdiction to do so, and must deny the petition. *See Cruz v. Oddo*, No. 26-cv-00284, 2026 U.S. Dist. LEXIS 126516, at *5 (W.D. Pa. June 8, 2026).

Petitioner argues that the fact he has appealed the order for voluntary departure means he is now free to challenge one of the conditions of that order, that condition being his mandated detention until departure. But the fact he is in the process of challenging the order with the BIA does not mean the Court can just assume it is invalid, and thus that Petitioner's detention is not justified by reference to anything other than § 1225 or § 1226. Such a result would be akin to this Court "leapfrogging" over the BIA's consideration of this order, a result contrary to the pathways Congress established in the INA. *See* 8 U.S.C. § 1252(a)(2)(D). Because Petitioner's claim centers on a condition of his voluntary departure that this Court lacks jurisdiction to review, it must DENY Petitioners' writ.

AND NOW, this 13th day of August 2026, IT IS HEREBY ORDERED that Petitioner's Petition for Writ of Habeas Corpus, (ECF No. 1), is DENIED WITHOUT PREJUDICE. The Clerk will close the case on the docket without prejudice, and the Court retains jurisdiction over the action and the parties pending further proceedings, as may be appropriate, including interpretation or enforcement of its Orders.

/s/ Mark R. Hornak
Mark R. Hornak
UNITED STATES DISTRICT JUDGE

Dated: August 13, 2026

CC: All counsel of record.

3